IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>v.<br><br>JEFFREY LANE MOWEN,<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:16-cv-1202-DB<br>           2:09-cr-0098-DB<br><br>District Judge Dee Benson |

Before the Court is Petitioner Jeffrey Lane Mowen's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On February 19, 2009, a federal grand jury returned an indictment against Petitioner alleging three counts of Wire Fraud, pursuant to 18 U.S.C. § 1343, arising out of a Ponzi scheme related to a real estate leveraging and foreign currency trading program. (Case No. 2:09-cr-98, Dkt. No. 1.) Defendant made his initial appearance on May 22, 2009, before Magistrate Judge Warner. (2:09-cr-98, Dkt. No. 12.) Judge Warner appointed Jamie Zenger from the Utah Federal Defender's Office to represent Petitioner. (*Id.*) On September 30, 2009, Ms. Zenger filed a motion to withdraw from representing Petitioner, due to a conflict of interest within the Federal Defender's Office. (2:09-cr-98, Dkt. No. 29.) Judge Warner held a hearing on the motion on October 7, 2009, and granted Ms. Zenger's request to withdraw. (2:09-cr-98, Dkt. No. 32.) The court then appointed Stephen R. McCaughey, CJA counsel, to represent Petitioner. (*Id.*) Because

of the volume of discovery and complexity of Petitioner's case, the court also appointed a second attorney to assist Mr. McCaughey in his representation of Petitioner. (2:09-cr-98, Dkt. No. 36.)

While Petitioner awaited trial in federal custody at the Davis County Jail, Petitioner allegedly attempted to hire a hit man to murder four material witnesses, with the intent of preventing their attendance and testimony at his trial. (2:09-cr-98, Dkt. No. 52.) Based on this alleged conduct, on November 18, 2009, a federal grand jury returned a superseding indictment against Petitioner, adding one count each of Solicitation to Commit a Crime of Violence (18 U.S.C. § 373(a)), Tampering with a Witness (18 U.S.C. § 1512(a)(1)(A)), and Retaliating Against a Witness (18 U.S.C. § 1513(a)(1)(B)). (*Id.*) Petitioner was arraigned on December 14, 2009, and ordered to remain in federal custody. (2:09-cr-98, Dkt. No. 63.)

On March 17, 2011, Petitioner pleaded guilty to one count of Wire Fraud. (2:09-cr-98, Dkt. Nos. 141, 142.) As part of the plea agreement, the United States agreed to dismiss the remaining counts at sentencing. (*Id.*) On April 28, 2011, petitioner was sentenced to 120 months imprisonment, followed by 60 months of supervised release. At the sentencing hearing, the government moved to dismiss the remaining counts. (*Id.*) The court held the issue of restitution open and requested additional briefing from the parties. (2:09-cr-98, Dkt. Nos. 147, 148.)

On September 28, 2011, the United States filed its memorandum regarding restitution. (2:09-cr-98, Dkt. No. 175.) On September 29, 2011, at Petitioner's request, the court appointed new counsel for Petitioner, Jared G. Parkinson, and set a briefing schedule regarding restitution. (2:09-cr-98, Dkt. No. 177.) On October 7, 2011, Petitioner moved the court for additional time to file a response to the government's memorandum regarding restitution. (2:09-cr-98, Dkt. No. 180.) On October 11, 2011, Petitioner filed his sentencing memorandum concerning restitution, noting that the court had not yet ruled on his request for an extension of time. (2:09-cr-98, Dkt.

No. 182.) On October 11, 2011, the court entered an order allowing petitioner an extension of time to November 10, 2011, "only for the purpose of filing a response to the United States' Sentencing Memorandum Concerning Restitution." (2:09-cr-98, Dkt. No. 184.) On October 21, 2011, the United States filed a response to Petitioner's memorandum regarding restitution. (2:09-cr-98, Dkt. No. 187.)

On November 9, 2011, Petitioner's counsel, Mr. Parkinson, filed a motion seeking to withdraw as counsel, noting difficulties communicating with Petitioner, Petitioner's desire to proceed *pro se*, and Petitioner's directive to Mr. Parkinson to withdraw as counsel. (2:09-cr-98, Dkt. No. 189.) On February 3, 2012, the court held a hearing on the Motion to Withdraw, and a motion by Petitioner for leave to appear *pro se*. (2:09-cr-98, Dkt. No. 208.) At that hearing, the court granted both motions, and Petitioner made a formal waiver of counsel on the record. (*Id.*)

On February 25, 2014, following extensive filings related to the assets at issue and third party claimants, the court issued an Order, setting the restitution amount at $9,799,790, and adopting the government's breakdown of restitution among the victims as reflected in the Final Victim Restitution List submitted by the United States. (2:09-cr-98, Dkt. No. 304.) On February 28, 2014, the court entered an Amended Judgment, consistent with that Order. (2:09-cr-98, Dkt. No. 305.)

On September 2, 2014, Petitioner filed a "Notice of Motion; to Vacate – Aberrant Sentencing & Resulting Abeyant Judgment." (2:09-cr-98, Dkt. No. 316.) On September 15, 2015, the court issued an order denying Petitioner's motion, reasoning:

> To the extent the motion is seeking the withdrawal of defendant's guilty plea, it is denied because defendant has already been sentenced and therefore may not withdraw his plea. Defendant's plea may be set aside only on direct appeal or collateral attack.
>
> \* \* \* \* \*

> Defendant has several options regarding a possible § 2255 motion. He may (1) file a letter or pleading indicating that the court may characterize his request as a § 2255 motion, (2) supplement his request, or (3) withdraw his request. The Court will not consider Defendant's possible § 2255 request unless and until the court receives permission from Defendant.

(2:09-cr-98, Dkt. No. 317.) The court also provided Petitioner with a copy of *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000) and a Form 2255 Petition. Petitioner did not file anything with the court in response to its September 16 Order.

On March 11, 2016, Petitioner filed a "Motion to Be Construed Liberally as a Pro Se Defendant." (2:09-cr-98, Dkt. No. 316.) The court denied the motion, addressing the history of Petitioner's filings and stating:

> The Court informed Defendant he had the right to have his motion construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Court explained the Defendant's remedies pursuant to §2255 and instructed Defendant to notify the Court if he wished to have his motion construed as a §2255 petition. As of the date of this order, Defendant has not notified the Court he wishes to have his motion to vacate be construed as a § 2255 petition.
>
> * * * * *
>
> Although it is difficult to decipher the Defendant's current motion, the Court characterizes Defendant's Motion to be Construed Liberally as a Pro Se Defendant as asserting claims of ineffective assistance of counsel…. A claim of ineffective assistance of counsel is typically asserted in a habeas petition brought under 28 U.S.C. § 2255, as it attacks the validity of his sentence rather than the execution of his sentence…. Therefore, for the second time, the Court gives notice to Defendant of its intent to treat Defendant's Motion to be Construed Liberally as a Pro Se Defendant as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant has several options regarding a possible § 2255 motion. He may (1) file a letter or pleading indicating that the court may characterize his request as a § 2255 motion, (2) supplement his request, or (3) withdraw his request. The Court will not consider Defendant's possible § 2255 request unless and until the court receives permission from Defendant.

(2:09-cr-98, Dkt. No. 334.) The court again provided Petitioner with a copy of *United States v. Kelly* and a Form 2255 Petition.

4

On May 16, 2016, Petitioner filed correspondence with the court, stating that Petitioner had received the court's orders regarding his previously filed motions, and that that he would "now proceed with any and all vehicles available to him in order to articulate sufficiently the Constitutionally controlled and even protected rights that have been trampled…(which 'may' include a forthcoming 'timely' §2255 as suggested in both responses to date to the indigent Pro Se Defendant...)." (2:09-cr-98, Dkt. No. 339.)

On June 15, 2016, the court issued an order denying various miscellaneous motions filed by Petitioner. In that order, the court denied Petitioner's request for various discovery because he had "not demonstrated he is capable of filing a non-frivolous §2255 petition" and that he had not demonstrated a need for the materials requested. (2:09-cr-98, Dkt. No. 348.) The court also noted that "Defendant has yet to file a §2255 petition. Should Defendant choose to file a §2255 petition, Defendant faces a serious procedural hurdle." (*Id.*) The court then explained to Petitioner that the statute of limitation period for filing a §2255 petition began to run fourteen days after his final judgment was entered in May 2011. (*Id.*)

On November 28, 2016, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §2255. (Case No. 2:16-cv-1202.) After filing his petition, Petitioner has made numerous submissions in his civil and criminal cases regarding his allegations of the unlawfulness of his plea, sentence, and custody. Many of Petitioner's filings make the same factual allegations contained in Petitioner's 2255 Motion. Those filings are as follows:

- 2:09-cr-98, Dkt. Nos. 366 (Motion for Immediate Release), 369 (Motion for Equitable Estopple (*sic*)), 372 (Notification/ Criminal Complaint), 375 (Motion to Investigate Jurisdiction 'Sua Sponte')

- 2:16-cv-1202, Dkt. Nos. 14 (Motion for Change of Venue), 16 (Motion for Protective Order), 33 (Motion for Expansion of Record), 44 (Traverse to D.O.J's Opposition)

To the extent they provide additional background, particularly with respect to timeliness, the court considers those filings as supplements to Petitioner's §2255 petition.

On November 13, 2017, Petitioner requested an extension of time to file a "Traverse." (2:16-cv-1202, Dkt. No. 41.) Petitioner then filed his "Traverse" on March 19, 2018, which appears to be a response to the government's opposition to his §2255 Petition. The motion for extension of time is hereby granted, and the court considers Petitioner's "traverse" as a response to the government's opposition.

In August, 2017, Petitioner was transferred from Bureau of Prisons custody to a residential reentry center. (2:16-cv-1202, Dkt. No. 37.) In February, 2018, Petitioner completed his 120 month sentence and was placed on supervised release. (2:08-cr-98.)

## DISCUSSION

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(f) provides a one-year period in which to file a § 2255(a) motion, running from the later of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] § 2255(f)(1), (4). "[A] judgment of conviction becomes final" under § 2255(f)(1) "when the time expires for filing a petition for

---

[1] There are two other grounds that can trigger the limitations period, but neither applies to this appeal. § 2255(f)(2)-(3).

certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). If a petitioner does not file a direct appeal of his sentence, his judgment of conviction becomes final 14 days after his federal sentence is imposed. Fed. R. App. P. 4(b)(1).

A "judgment of conviction" that "includes" "imprisonment" "constitutes a final judgment." 18 U.S.C. §3582(b); *see Dolan v. United States*, 560 U.S. 605, 607 (2010). The Supreme Court has observed that there are "strong arguments [that] favor the appealability of [an] initial judgment irrespective of the delay in determining the restitution amount." *Id*. And "[a] judgment imposing 'discipline' may still be 'freighted with sufficiently substantial indicia of finality to support an appeal.'" *Id.*

A final Judgment was entered in Petitioner's case on May 4, 2011. (Case No. 2:09-cr-98, Dkt. No. 148.) The Judgment included Petitioner's term of imprisonment, term of supervised release, and supervised release conditions. (*Id.*) Petitioner was informed at his sentencing hearing that he had fourteen days to appeal his sentence, to the extent he had appellate rights remaining. (Case No. 2:09-cr-98, Dkt. Nos. 147, 148.) The only issue remaining open following Petitioner's May 4, 2011 Judgment was the amount of restitution. (*Id.*) Thus, Petitioner's judgment was final fourteen days after entry of his Judgment on May 4, 2011.[2] Petitioner acknowledged as much in one of his many pro se filings, stating that his time to appeal his Judgment expired in May 2011. (Case No. 2:09-cr-98, Dkt. No. 242.) Thus, the one-year statute of limitations began to run in May, 2011, over five years before Petitioner filed his §2255 petition in November 2016.

Even assuming that Petitioner's Judgment was not final until the final restitution order was in place, the one year statute of limitations began to run fourteen days after Petitioner's

---

[2] This determination is particularly appropriate where, as here, Petitioner challenges his plea and the term of imprisonment he received, not his restitution order.

Amended Judgment was entered on February 28, 2014. (*See* Case No. 2:09-cr-98, Dkt. Nos. 304, 305.) Petitioner did not file his §2255 petition until November 28, 2016, well outside of the one-year limitations period.

Furthermore, Petitioner has not provided any basis for equitable tolling of the statute of limitations set forth in § 2255(f). "For equitable tolling to apply, the movant must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' to prevent timely filing." *United States v. Rauch*, 520 F. App'x 656, 658 (10th Cir. 2013)(citation omitted). Petitioner has not provided any facts to demonstrate that he has pursued his §2255 rights diligently, or that any extraordinary circumstance prevented him from timely filing.

Petitioner's §2255 petition was not timely filed, and the court finds no basis to equitably toll the deadline. As such, the petition must be denied.

## PETITIONER'S OTHER FILINGS

In addition to Petitioner's §2255 petition and its supplements, Petitioner has also submitted several other motions and correspondence for miscellaneous relief.

Petitioner filed an "Emergency Motion for Immediate Compassionate Release" when his mother became ill while he was in custody. (2:09-cr-98, Dkt. No. 374.) The court would have had no basis to grant that motion at the time it was filed, but the motion is now moot, as Petitioner is no longer in custody. Accordingly, that motion is denied.

Petitioner filed a "Motion to File Records/ Pleadings Under Seal." (2:16-cv-1202, Dkt. No. 18.) The court finds no basis to grant that motion; accordingly, the motion is denied.

Petitioner also filed a "Motion in Opposition to Procedural Default" (2:16-cv-1202, Dkt. No. 34), which appears to oppose the Government's request for an extension of time to respond

to Petitioner's §2255 petition and numerous other filings. The court granted the government's request for good cause shown, and Petitioner's opposition to that extension is denied.

Petitioner also submitted a "Motion for Discovery and Production of Documents Pursuant to Rule 6 Governing 28 U.S.C. §2255 Proceedings." (2:16-cv-1202, Dkt. No. 35.) Petitioner has not made a sufficient factual showing to establish "good cause" for discovery, as required by Habeas Corpus Rule 6. *See Bracy v. Gramley*, 520 U.S. 899, 901 (1997). Accordingly, that motion is denied.

Petitioner also filed a "Motion to: Temporary Stay the Proceedings" while Petitioner was in the process of being transferred to the residential reentry center, on August 24, 2017. (2:16-cv-1202, Dkt. No. 37.) Petitioner then filed a "Motion to Lift the Temporary Stay of the Proceedings" on November 13, 2017. (2:16-cv-1202, Dkt. No. 42.) Those motions are now denied as moot.

## CONCLUSION

For the reasons set forth herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED. The court also hereby DENIES a certificate of appealability in this case, pursuant to Rule 11 of the Rules Governing Section 2255 cases.

DATED this 30th day of March, 2018.

BY THE COURT:

_____
Dee Benson
United States District Judge